UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL CLARK,

        Plaintiff,

v.

OFFICER GUERRERO,

        Defendant.

2:09-CV-141 JCM (PAL)

**ORDER**

Presently before the court is defendant's motion to dismiss (doc. #8) and plaintiff's motion to strike reply and/or unseal medical records (docs. #22, #39). On December 4, 2008, plaintiff filed a "civil rights complaint" in state court, in which he alleges that defendant Adrian Guerrero (incorrectly named as Officer Guerrero) violated his Eighth and Fourteenth Amendment rights by using unnecessary and excessive force. Defendant removed the case to federal court on January 21, 2009. (Doc. #1.) He now moves to dismiss under Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff has failed to set forth a constitutional claim or, in the alternative, defendant is entitled to qualified immunity. (Doc. #8.)

To satisfy the requirements of Fed. R. Civ. P. 8, a plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." In this case, plaintiff is seeking relief pursuant to 42 U.S.C. § 1983 by alleging that his Eight and Fourteenth Amendment rights have been violated. To support these claims, he alleges that defendant tackled him while he was waiting in line at the medical department. He further alleges that he was dragged to "the hole" by officers and that officers later falsified charges against him. These allegations do state a claim

**James C. Mahan**
**U.S. District Judge**

1  upon which relief could be granted.  Therefore this court cannot dismiss under Fed. R. Civ. P.
2  12(b)(6).  However, defendant has submitted documents in support of his motion, and he asks that,
3  in the alternative, this court to treat his motion as a motion for summary judgment pursuant to Fed.
4  R. Civ. P. 12(d).  Defendant's motion fails under this standard as well.

5        Defendant has provided a summary report from the disciplinary hearing that occurred shortly
6  after the incident.  The summary includes a typed "statement of offender" that describes the incident
7  in question.  The summary makes no mention of plaintiff being tackled by defendant or of his being
8  dragged to the hole.  Defendant has also submitted documents from plaintiff's medical file, which
9  describe his physical ailments before and after the incident.  Defendant claims that, based upon these
10 documents, the court can find that no constitutional violation took place in this case.  As there are
11 not enough facts in the record to make a determination about whether the force used was excessive,
12 summary judgment is inappropriate at this stage.

13       Defendant does not dispute that plaintiff "was taken to the ground" during the incident at
14 issue here. (Doc. #8 at 8.)  He argues, however, that his actions were taken to "maintain and restore
15 discipline" because plaintiff was not following his directives.  The court recognizes that "[f]orce
16 does not amount to a constitutional violation [in the Eighth Amendment context] if it is applied in
17 a good faith effort to restore discipline and order and not 'maliciously and sadistically for the
18 purpose of causing harm.'"  See *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) (quoting
19 *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  However, no discovery has occurred in this case
20 and there is not sufficient evidence in the record to determine what actually happened when plaintiff
21 was "taken to the ground."

22       Defendant argues that even if there was a constitutional violation in this case, he is entitled
23 to qualified immunity. When making such a determination, courts apply a two-step process. *Saucier*
24 *v. Katz*, 533 U.S. 194, 201 (2001).  Depending on the circumstances, the court can address either
25 prong first.  *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).  In any event, the court must decide
26 whether "taken in the light most favorable to the party asserting the injury, . . . the facts alleged show
27 that the officer's conduct violated a constitutional right," and whether that right was clearly
28

1  established. *Saucier*, 533 U.S. at 201.

2  The court finds that it is clearly established that inmates enjoy the right to be free from cruel
3  and unusual punishment. And, considering plaintiff's allegations in the light most favorable to him,
4  it is possible that defendant's actions were taken in a malicious or sadistic manner. Without more
5  evidence in the record, it is impossible to determine if there was an Eighth Amendment violation in
6  this case.

7  Defendant's argument that plaintiff has not alleged facts to support a finding that his actions
8  were "effectuated with wantonness or malicious intent" is unpersuasive because, again, this case is
9  still in the pleading stages. Plaintiff has alleged sufficient facts to meet his pleading burden.

10  Plaintiff has filed a motion to strike defendant's reply to his response or, in the alternative,
11  to unseal the attached medical records. (Doc. #22.) Because defendant's motion to dismiss is
12  denied, the court need not strike the reply from the record. If this case continues to the discovery
13  stage, plaintiff can follow the proper procedures to obtain copies of the records at that time.

14  Accordingly,

15  IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's motion to strike
16  and/or unseal documents (docs. #22, #39) be, and the same hereby are, **DENIED.**

17  IT IS FURTHER ORDERED that defendant's motion to dismiss (doc. #8) be, and the same
18  hereby is, **DENIED.**

19  DATED this 27th day of July, 2009.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -