# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL CLARK,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>OFFICER GUERRERO,<br><br>　　　　　　　　　Defendant. | Case No. 2:09-cv-00141-JCM-PAL<br><br>**ORDER**<br><br>(Mtn of Default- Dkt. #68)<br>(Mtn to Strike - Dkt. #69) |

This matter is before the court on Plaintiff's Motion of Default and Opposition to Any Motion Other than a Joint Pretrial Order or to be Stricken (Dkt. ##68, 69). Counsel for Defendant filed an untimely Opposition (Dkt. #75) to which the Plaintiff replied (Dkt. #77). The court has considered the Motion, the Opposition, and the Reply.

Plaintiff is an inmate of the Nevada Department of Corrections currently incarcerated at the Southern Desert Correctional Center in Indian Springs, Nevada. He is appearing *pro se* and *in forma pauperis*. A Discovery Plan and Scheduling Order (Dkt. #47) was entered September 10, 2009, giving the parties ninety days to complete discovery and setting the deadline in which to file a joint pretrial order. Defendant requested an extension of time in which to file the joint pretrial order, which the court granted. *See* Dkt. ##47, 70. Plaintiff and Defendant filed separate Proposed Pretrial Orders (Dkt. ##72, 71) on April 26 and April 28, 2010, respectively. The court approved Defendant's proposed pretrial order. *See* Order, Dkt. #73.

Plaintiff's Motion states that Defendant has not attempted to confer with Plaintiff in attempt to prepare a joint pretrial order, and he requests that any motion sent to the court without discussion from both parties should be stricken from the court's record. Plaintiff asserts that default judgment should be granted against Defendant for Defendant's failure to comply with the court's Order (Dkt. #47). In

response, Defendant asserts that the extension he sought to file the joint pretrial order was necessitated by Plaintiff's failure to cooperate in the preparation of a joint pretrial order.  Defendant argues Plaintiff did not attempt to contact defense counsel to prepare the joint pretrial order.  Further, because the court has now entered a Pretrial Order (Dkt. #73), Plaintiff's request for default is moot.  Lastly, Defendant asserts that Plaintiff's Motion to Strike (Dkt. #69) is vague and should be denied because it is unclear what Plaintiff is attempting to have stricken.  In reply, Plaintiff asserts the court is biased in favor of Defendant for entering Defendant's pretrial order and prohibiting him from filing a motion for summary judgment or take discovery after the deadline had run.  Plaintiff states that if the court is not inclined to grant his Motions (Dkt. ##68, 69), he will appeal that decision.

       The purpose of the pretrial order is to make the court aware of the issues of fact and law to be set for trial and to provide the court with a list of exhibits and witnesses each party intends to introduce at trial.  *See generally* Fed. R. Civ. P. 16(e); Local Rule 16-3, 16-4.  The pretrial order supercedes the pleadings, and the parties are bound by its contents.  *DP Aviation v. Smiths Industries Aerospace and Defense Systems Ltd.*, 268 F.3d 829, 840 at n.8 (9th Cir. 2001) (*citing Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  Here, the district judge reviewed the parties' separately-filed proposed pretrial orders, and entered Defendant's proposed order and set a date for trial.  Rule 16(e) of the Federal Rules of Civil Procedure provides that the court may modify the pretrial order "only to prevent manifest injustice."  *Id.*  Thus, if Plaintiff wishes any change be made the pretrial order, he must file a motion requesting such relief for the district judge's consideration.

       With regard to Plaintiff's Motion for Default, Plaintiff has stated no basis for default judgment to be entered against Defendant. Plaintiff asserts that default should be entered against Defendant because Defendant did not attempt to meet with Plaintiff to prepare the joint pretrial order.  However, Local Rule 16-3 requires the plaintiff to initiate discussions concerning preparation of the joint pretrial order.  *Id.*

       Accordingly,

/ / /

/ / /

/ / /

**IT IS ORDERED**:

1. Plaintiff's Motion for Default (Dkt. #68) is DENIED.
2. Plaintiff's Motion to Strike (Dkt. #69) is DENIED.

Dated this 24th day of June, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE