**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL CLARK,

                Plaintiff,

vs.

ADRIAN GUERRERO, et al.,

                Defendants.

Case No. 2:09-cv-00141-JCM-PAL

**ORDER**

(Mtn for Clarification - Dkt. #104)

This matter is before the court on Defendant Adrian Guerrero's Motion for Clarification (Dkt. #104). The court has considered the Motion.

**BACKGROUND**

This case has a complicated procedural history, and there has been considerable delay in this case as a result. In December 2008, Plaintiff Clark filed a complaint in Nevada state court, alleging claims under 42 U.S.C. § 1983 against Defendant Adrian Guerrrero, a prison official at Southern Desert Correctional Center ("SDCC"). On January 21, 2009, the Nevada Attorney General's Office filed a Notice of Removal (Dkt. #1). On January 26, 2009, Guerrero filed a Motion to Extend Time (Dkt. #4), which the court granted in an Order (Dkt. #4), allowing him until March 12, 2009, to respond to Plaintiff's complaint. On March 12, 2009, Guerrero filed a Motion to Dismiss (Dkt. #8), asserting Plaintiff had not stated a constitutional claim, and Guerrero was entitled to qualified immunity. The court denied Guerrero's Motion to Dismiss in an Order entered July 27, 2009, and found that considering Plaintiff's allegations in the light most favorable to him, it was possible that Guererro's actions were "taken in cruel and sadistic manner," and therefore, Plaintiff had alleged sufficient facts to meet his pleading burden. *Id.* at 2:4-9 (also observing that "without more information in the record, it is impossible to determine if there was an Eighth Amendment violation in this case").

1    On September 10, 2009, the court entered a Scheduling Order (Dkt. #47), which provides,
2  "Motions for summary judgment shall . . . be filed and served no later than **thirty days after the close**
3  **of discovery.**" Dkt. #47 at 2:1-2.  The parties engaged in discovery and related motion practice, and on
4  April 28, 2010, the district judge entered the Pretrial Order (Dkt. #73), setting this matter for trial on
5  October 18, 2010.  Guerrero did not file a motion for summary judgment before or after the deadline set
6  by the court's Scheduling Order, nor he did not request an extension of time to do so.
7    Subsequently, on September 28, 2010, Chief Judge Hunt consolidated a related case, *Clark v.*
8  *Williams,* Case No. 2:10-cv-00736-RLH-RJJ, with this case and vacated the trial date set in this matter.
9  *See* Order to Consolidate (Dkt. #80).  Judge Hunt's Order screened Plaintiff's Complaint in *Clark v.*
10 *Williams* and directed Plaintiff to file an amended complaint stating all the claims from both cases in
11 this matter.  *Id.*  On December 2, 2010, Plaintiff filed his Amended Complaint (Dkt. #88).  On
12 November 21, 2011, the Clerk of Court entered a Notice (Dkt. #94), advising the parties that this case
13 would be dismissed for failure to prosecute.  Plaintiff filed a Motion to Set Trial (Dkt. #95) on
14 December 21, 2011.  This case was dismissed in error on December 30, 2011.  On April 13, 2012, the
15 court re-opened the case, directing Defendants to file a response Plaintiff's Motion to Set Trial.  *See*
16 Order (Dkt. #98).
17    Defendants complied on April 27, 2012, and their Response (Dkt. #99) asserts the court did not
18 screen Plaintiff's original complaint in compliance with 28 U.S.C. § 1915A.  Additionally, Defendants
19 contend that Plaintiff's Amended Complaint does not comply with the Order to Consolidate because it
20 re-alleges claims that were previously dismissed in *Clark v. Williams*.  On May 5, 2012, the district
21 judge entered an Order (Dkt. #101), in which he found that the initial error, later compounded, resulted
22 because defense counsel: (a) sought an extension of time to file a responsive pleading; and (b) filed a
23 responsive pleading.  *See generally* Dkt. ##3, 8.  "By doing so, the attorney general rendered any
24 screening order by the court superfluous, and thus no screening order was entered."  Order (Dkt. #101)
25 at 2:2-3.  The Joint Status in Removal (Dkt. #6) explicitly provides, "The parties state there are no other
26 matters at this time requiring the Court's attention."  Joint Status (Dkt. #6) at 3:3-4.  The district judge
27 referred the Amended Complaint to the undersigned to screen pursuant to 28 U.S.C. § 1915A.  *See*
28 Order (Dkt. #101).

1    On September 10, 2009, the court entered a Scheduling Order (Dkt. #47), which provides,
2  "Motions for summary judgment shall . . . be filed and served no later than **thirty days after the close**
3  **of discovery.**" Dkt. #47 at 2:1-2.  The parties engaged in discovery and related motion practice, and on
4  April 28, 2010, the district judge entered the Pretrial Order (Dkt. #73), setting this matter for trial on
5  October 18, 2010.  Guerrero did not file a motion for summary judgment before or after the deadline set
6  by the court's Scheduling Order, nor he did not request an extension of time to do so.

7    Subsequently, on September 28, 2010, Chief Judge Hunt consolidated a related case, *Clark v.*
8  *Williams,* Case No. 2:10-cv-00736-RLH-RJJ, with this case and vacated the trial date set in this matter.
9  *See* Order to Consolidate (Dkt. #80).  Judge Hunt's Order screened Plaintiff's Complaint in *Clark v.*
10 *Williams* and directed Plaintiff to file an amended complaint stating all the claims from both cases in
11 this matter.  *Id.*  On December 2, 2010, Plaintiff filed his Amended Complaint (Dkt. #88).  On
12 November 21, 2011, the Clerk of Court entered a Notice (Dkt. #94), advising the parties that this case
13 would be dismissed for failure to prosecute.  Plaintiff filed a Motion to Set Trial (Dkt. #95) on
14 December 21, 2011.  This case was dismissed in error on December 30, 2011.  On April 13, 2012, the
15 court re-opened the case, directing Defendants to file a response Plaintiff's Motion to Set Trial.  *See*
16 Order (Dkt. #98).

17    Defendants complied on April 27, 2012, and their Response (Dkt. #99) asserts the court did not
18 screen Plaintiff's original complaint in compliance with 28 U.S.C. § 1915A.  Additionally, Defendants
19 contend that Plaintiff's Amended Complaint does not comply with the Order to Consolidate because it
20 re-alleges claims that were previously dismissed in *Clark v. Williams*.  On May 5, 2012, the district
21 judge entered an Order (Dkt. #101), in which he found that the initial error, later compounded, resulted
22 because defense counsel: (a) sought an extension of time to file a responsive pleading; and (b) filed a
23 responsive pleading.  *See generally* Dkt. ##3, 8.  "By doing so, the attorney general rendered any
24 screening order by the court superfluous, and thus no screening order was entered."  Order (Dkt. #101)
25 at 2:2-3.  The Joint Status in Removal (Dkt. #6) explicitly provides, "The parties state there are no other
26 matters at this time requiring the Court's attention."  Joint Status (Dkt. #6) at 3:3-4.  The district judge
27 referred the Amended Complaint to the undersigned to screen pursuant to 28 U.S.C. § 1915A.  *See*
28 Order (Dkt. #101).

In an Order and Report of Findings and Recommendation (Dkt. #102) (the "Screening Order") entered August 8, 2012, the court found Plaintiff had stated a claim against Guerrero for excessive use of force in violation of the Eighth Amendment, and dismissed Plaintiff's Sixth Amendment claim and Fourteenth Amendment claim against Warden Williams with leave to amend. The undersigned also recommended dismissal of (a) Plaintiff's Fourteenth Amendment due process claim against Warden Williams related to the warden's alleged failure to mail a grievance to the Office of the Inspector General; and (b) Plaintiff's First Amendment retaliation claim against Warden Williams. The Screening Order directed the Attorney General to notify the court whether it would accept service on behalf of Warden Williams. Finally, the court indicated that if Plaintiff filed a second amended complaint, it would be screened pursuant to 28 U.S.C. § 1915A. The court would then direct the Attorney General to answer within a time certain if, after screening, the court found Plaintiff stated claim(s) upon which relief can be granted. If, however, Plaintiff does not file a second amended complaint, the court directed the Attorney General to file an answer to the Amended Complaint.

## **DISCUSSION**

The instant Motion seeks clarification about the court's Screening Order. Guerrero assert that after screening, the court typically requires a defendant to "file and serve an answer *or other response*" by a certain date. Motion at 2:11-12 (emphasis in original). Guerrero is unclear about whether the undersigned intended to limit him to file an answer only and seeks leave to file a motion for summary judgment in lieu of an answer to the Amended Complaint. Defendant notes that before the consolidation of this case with *Clark v. Williams,* he filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. #8), which the court construed as a Motion to Dismiss, finding summary judgment was premature. Defendant writes, "It is not clear from the record why the motion was not renewed in accordance with the time set forth in the scheduling order, after the close of discovery." Motion at 2:27-28. Defendant seeks leave to file an initial responsive pleading, or alternatively, a motion for summary judgment to the Amended Complaint before having to proceed to trial on Plaintiff's excessive force claim.

This case has been pending in this court since January 1, 2009. The court has determined on two occasions–first in the Order (Dkt. #44) denying Guerrero's Motion to Dismiss, and second in the

3

Screening Order (Dkt. #102)–that Plaintiff stated a viable Eighth Amendment excessive force claim against Guerrero for purposes of Rule 12(b)(6) of the Federal Procedure.  A scheduling order was entered, discovery closed, and the deadline for filing dispositive motions with respect to Clark's excessive force claim against Guerrero ran nearly three years ago in January 2010.

The court will not further delay this matter by allowing a third motion to dismiss on the same claim against Guerrero. The parties engaged in discovery on Plaintiff's excessive force claim beginning in September 2009, and conducted pretrial motion practice. The deadline for filing a motion for summary judgment as to the excessive force claim has long since run.  The Attorney General has not shown good cause let alone excusable neglect for its failure to file a timely motion for summary judgment. Before this case was consolidated with *Clark v. Williams,* the parties filed a joint pretrial order and this matter was set for trial on October 18, 2010.  *See* Order Regarding Trial (Dkt. #79). Throughout all of these proceedings Clark's excessive force claim against Guerrero has remained the same. Clark has not yet plead a cognizable claim against Warden Williams who has not made an appearance and will not be required to file an answer or make an appearance unless and until Clark files an amended complaint which the court screens and finds states a cognizable claim.

For these reasons, the court directed that, if Plaintiff chooses not to file a second amended complaint by the September 7, 2012, deadline imposed by the Screening Order (Dkt. #102), the Attorney General shall file an *answer* to the Amended Complaint no later than September 28, 2012. This will close the pleadings and put the case back on the docket for trial.

However, if Plaintiff files a second amended complaint, the court will screen it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The court directed that the Attorney General indicate whether it would accept service on behalf of Warden Williams in the event Clark states a cognizable claim by the September 7th deadline to expedite further proceedings given the considerable delay that has already occurred.  If Plaintiff files an Amended Complaint asserting claims against Warden Williams the court will screen the complaint and determine whether it states a viable claim.  If the Amended Complain states a viable claim against Warden Williams the court will direct that an *answer* be filed by a date certain because the screening order will have already determined whether Clark stated a claim.  The court will then enter a new scheduling order, discovery will begin and conclude, and

dispositive motion practice will follow.

Accordingly,

**IT IS ORDERED** that Guerrero's Motion for Clarification (Dkt. #104) is GRANTED. The court clarifies the Screening Order (Dkt. #102) as follows:

1. If Plaintiff does not file a second amended complaint by September 7, 2012, the Attorney General shall file an *answer* to the Amended Complaint by **September 28, 2012.**

2. If Plaintiff files a second amended complaint alleging claim(s) against Warden Williams, the court will screen it pursuant to 28 U.S.C. § 1915A . If the second amended complaint states a viable claim against Warden Williams the court will direct that an *answer* be filed by a date certain. Once an answer is filed, the court will enter a new standard discovery plan and scheduling order for prisoner civil rights claims.

Dated this 31st day of August, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE