**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL CLARK, ) | Case No. 2:09-cv-00141-JCM-PAL |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | (Mtn to Meet & Confer - Dkt. #121) |
| ) | |
| OFFICER GUERRERO, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff Michael Clark's Motion for Order for Defense Counsel to Meet and Confer for Stipulation (Dkt. #121). The court has considered the Motion, Defendant Adrian Guerrero's Response (Dkt. #123), and Plaintiff's Reply (Dkt. #125).

Plaintiff, a former inmate of the Nevada Department of Corrections, is proceeding in this action pro se. He filed a complaint in state court, and it was removed to this court on January 21, 2009. This case has a complicated procedural history as outlined in the court's previous Order (Dkt. #102). On October 22, 2012, the court entered a Scheduling Order (Dkt. #118). Discovery in this case closed on January 22, 2013. Dispositive motions were due February 21, 2013. Defendant filed a Motion to Extend the Dispositive Motion Deadline (Dkt. #126) on February 14, 2013. That Motion is currently pending before the district judge.

The instant Motion represents that Plaintiff needs the court to direct defense counsel to "meet and confer for stipulation before filing a motion for summary judgment." *See* Motion at 1. Defendant responds that after receiving the Motion, defense counsel Kelly M. Smith scheduled a telephonic conference with Plaintiff. Therefore, Defendants argue Plaintiff's request is moot. Plaintiff replies that he did not conduct a meet and confer with defense counsel, and the only thing he discussed with defense counsel was settlement. Plaintiff insists "the parties must meet and confer for stipulation."

Reply at 2.  Attached to the reply is an "affidavit" by the Plaintiff indicating he was out of town on December 19, 2012, as defense counsel was aware.  He also indicates he sent defense counsel a request for discovery on January 13, 2013, and he appears to be requesting a meet and confer conference to discuss discovery defense counsel either has not responded to or discovery that he believes is incomplete.

If Plaintiff wants a meet and confer conference to discuss Defendant's discovery responses, he should send defense counsel a letter outlining in detail what his disputes are. The court will require defense counsel to respond in writing and to participate in a telephonic dispute resolution conference within two weeks of receipt of Plaintiff's letter in an effort to resolve any discovery dispute without court intervention.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Meet and Confer (Dkt. #121) is GRANTED to the extent Plaintiff shall immediately send defense counsel a letter outlining in detail any discovery disputes he has.  Defense counsel shall respond in writing and shall participate in a telephonic dispute resolution conference with the Plaintiff no later than fourteen days after receipt of Plaintiff's letter. Plaintiff's letter shall propose dates and times for the dispute resolution conference.

Dated this 25th day of February, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE