UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL E. CLARK, | Case No. 2:09-CV-141 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| ADRIAN GUERRERO, | |
| Defendant(s). | |

Presently before the court is the case of *Clark v. Guerrero*, No. 2:09-cv-00141-JCM-PAL. This matter is before the court on the parties' failure to file a joint pretrial order as required by LR 26-1(e)(5) and the court's orders filed as documents numbers 138, 141, and 145. As of this date, plaintiff has not filed anything with the court in over a year, and defendant Adrian Guerrero has failed to file a single document since his attorney withdrew from the case two years ago. (Doc. # 139).

I.  **Background and Relevant Procedural History**

In December 2008, plaintiff Michael Clark filed a complaint in Nevada state court, alleging claims under 42 U.S.C. § 1983 against Mr. Guerrero, a prison official at Southern Desert Correctional Center ("SDCC"). On January 21, 2009, the Nevada attorney general's office removed this case to this court. (*See* doc. #1).

Later, on September 28, 2010, Judge Hunt consolidated a related case, Clark v. Williams, No. 2:10-cv-00736-RLH-RJJ, with this case and vacated the trial date. *See* order to consolidate. (Doc. #80). Judge Hunt's order screened plaintiff's complaint in Clark v. Williams and directed plaintiff to file an amended complaint stating all the claims from both cases. *Id.* On December 2, 2010, plaintiff filed his Amended Complaint.

**James C. Mahan**
**U.S. District Judge**

On August 8, 2012, Magistrate Judge Leen recommended that all of plaintiff's claims with respect to Brian Williams, defendant from the consolidated case, be dismissed without prejudice, leaving only the claims against defendant Guerrero. (Doc. # 102). However, Judge Leen also granted plaintiff leave to file a second amended complaint if he believed he could cure the defects in the Williams claims. (*Id.*). After plaintiff failed to file a second amended complaint by the deadline imposed by Judge Leen, this court adopted her report and recommendation in full, dismissing plaintiff's claims against Mr. Williams. (Doc. # 122). At this point, Mr. Guerrero became the sole defendant.

On May 13, 2013, Mr. Guerrero filed a motion to dismiss the amended complaint. (Doc. # 133). The court denied that motion on August 8, 2013. (Doc. # 136). About a month after that order was filed, on September 12, 2013, Nevada's attorney general's office filed a motion to withdraw as counsel. (Doc. # 137). A few days later, on September 17, 2013, this court granted defendant's counsel's motion to withdraw, based on the fact that Mr. Guerrero refused to cooperate with defense counsel and "stated unequivocally that he does not want [the attorney general's] [o]ffice to represent him." (Docs. # 137 at 5, 138). The court further ordered that, "Guerrero shall have until October 16, 2013, in which to retain new counsel who shall file a notice of appearance in accordance with the local rules of practice or to file a statement that he will proceed pro se." (Doc. 138).

On March 28, 2014, after both parties failed to file a joint proposed pretrial order as required by Local Rule 26-1, Judge Leen ordered counsel for the parties to file a joint pretrial order in compliance with all Local Rules of Civil Practice no later than April 10, 2014. *See* LR 26-1(e)(5); Doc. # 141. On April 9, 2014, plaintiff filed what purported to be a joint pretrial order proposal, but on September 17, 2014, the court struck that pretrial order from the record because it did not comply with LR 16-3 and 16-4. (Docs. ## 143, 145). Also on April 9, 2014, plaintiff Michael E. Clark filed a motion for sanctions after Mr. Guerrero failed to make himself available for the filing of a joint proposed pretrial order. (Doc. # 142).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Judge Leen ordered that the parties file a compliant joint pretrial order no later than October 15, 2014. (Doc. # 145). Judge Leen further cautioned: "If either party fails to fully comply with this order, the court may impose sanctions, up to and including case-dispositive sanctions." (*Id.*).

In her order denying plaintiff's motion for sanctions, Judge Leen ordered defendant Guerrero to show cause as to why case-dispositive sanctions should not be imposed:

> Defendant Adrian Guerrero shall show cause, in writing, no later than **October 15, 2014,** why sanctions, up to and including case-dispositive sanctions, should not be entered against him for failure to comply with the court's Order (Doc. #137) directing him to either file a statement that he will proceed pro se or retain counsel who must file a notice of appearance in accordance with the Local Rules of Civil Procedure.

(Doc. # 144). Judge Leen continued: "[f]ailure to comply with this Order to Show Cause will result in a recommendation to this court that default judgment be entered against defendant Guerrero." (*Id.*).

## II.    Relevant Procedural Rules

Local Rules Part IA ("LR IA") 4-1(d) states that the court may impose any and all appropriate sanctions on an attorney or party appearing in *pro se* who, without just cause, fails to comply with any order of this court. LR IA 4-1(d).

Federal Rule of Civil Procedure ("FRCP") 41 also allows a court to dismiss a complaint with prejudice if the plaintiff fails to comply with a court order. However, the defendant must move for such a dismissal. *See* FED.R.CIV.P 41(b). In addition, court should not dismiss with prejudice under Rule 41 before considering less drastic alternatives. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

FRCP 41 is refined though by LR 41-1, which states: "[a]ll civil actions that have been pending in this [c]ourt for more than two hundred seventy (270) days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution on motion of counsel or by the [c]ourt."

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). A motion is not necessary.

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. Discussion

The case at bar has been pending for well over 270 days without any proceeding of record having occurred.

Judge Leen provided both parties with notice that failure to comply with her orders regarding the joint pretrial order and plaintiff's motions for sanctions could result in case-dispositive sanctions under LR IA 4-1. (Docs. # 144, 145, *supra*). This was the third such notice provided by Judge Leen. (*See* docs. 138, 141, and 145). No pretrial order in the form prescribed has been filed by either party.

The court notes, though, that until the last year, plaintiff diligently pursued his action for about 5 years, even after his discharge from prison. Because plaintiff is proceeding *pro se*, the court will give him the benefit of the doubt with respect to his failure to file a pretrial order.

The court further finds that Mr. Guerrero has failed to show cause pursuant to Judge Leen's order. Generally, Mr. Guerrero has not "otherwise defend[ed]" against the affirmative relief plaintiff seeks. *See* FED.R.CIV.P. 55(a).

**Conclusion**

Therefore, the court will instruct the clerk to enter default against the defendant as a sanction for his failure to show cause, and in accordance with Rule 55(a). Plaintiff shall have 60 days in which to move for a default judgment against Mr. Guerrero. Otherwise, the court will dismiss the case pursuant to LR 41-1. The court further instructs plaintiff that the court will not provide more than declaratory judgment without plaintiff providing sufficient proof of any actual damages he suffered.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the clerk of court enter default against defendant Adrian Guerrero.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  IT IS FURTHER ORDERED that plaintiff Michael Clark's failure to file a motion for default judgment within 60 days of the date of this order will result in dismissal pursuant to LR 41-1.

DATED September 25, 2015.

_____
UNITED STATES DISTRICT JUDGE