UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL E. CLARK,<br><br>　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>ADRIAN GUERRERO,<br><br>　　　　　　　　Defendant(s). | Case No. 2:09-CV-141 JCM (PAL)<br><br>ORDER |

　　　　Presently before the court is plaintiff's motion for default judgment against defendant Adrian Guerrero. (Doc. # 149).

　　　　On September 17, 2014, this court entered an order to show cause against defendant. (Doc. # 144). Defendant has not responded to this order in over a year and has not filed any other documents since that date. This court ordered default (doc. #147), and the clerk entered default against defendant. (Doc. #148).

　　　　Default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . ." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

　　　　Obtaining a default judgment entails two steps: "first, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

**James C. Mahan**
**U.S. District Judge**

The decision to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In determining whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

Plaintiff has properly complied with Rule 55. Defendant has not filed a response to this court's order to show cause. (Doc. #144). After considering the *Eitel* factors, the court finds it appropriate to enter default judgment against the defendant.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for default judgment (doc. # 149) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECRRED that plaintiff shall prepare and file an appropriate judgment for the court's signature.

DATED December 14, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**