UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL E. CLARK, <br><br> Plaintiff, <br><br> v. <br><br> ADRIAN GUERRERO, <br><br> Defendant. | Case No. 2: 09-cv-00141-JCM-BNW <br><br> ORDER |

Presently before the court is the matter of *Clark v. Guerrero*, case no. 2:09-cv-00141-JCM-PAL.

On December 14, 2015, the court granted plaintiff Michael Clark's ("Clark") motion for default judgment against defendant Guerrero on plaintiff's Eighth and Fourteenth Amendment claims arising under 42 U.S.C. § 1983.[1] (ECF No. 150). However, upon finding no legal or evidentiary basis for Clark's proposed judgment of $1,000,000.00 in compensatory damages and $12,000,000.00 in punitive damages, the court awarded Clark $1.00 in nominal damages. (ECF No. 155).

Clark appealed the court's award of nominal damages, and the Ninth Circuit vacated and remanded the court's judgment, holding that Clark had provided "some medical documentation

---

[1] The dispute at issue relates to an incident that occurred while Clark was a prisoner at the Southern Desert Correctional Center ("SDCC") in 2008. (ECF No. 102 at 4). Clark's first amended complaint ("FAC"), which contains the allegations upon which Clark's default judgment is premised, alleged that defendant Guerrero (an SDCC officer) tackled him without provocation while he was waiting in line to visit SDCC's medical department. *Id.* Clark alleged that Guerrero wrote a false report about the incident that resulted in Clark's spending twenty-four months in disciplinary segregation. *Id.*

1

in support of injuries." (ECF No. 160). Accordingly, the Ninth Circuit instructed the court to conduct an evidentiary hearing to determine a proper award of damages in this case. *Id.*

Because Clark has been unable to demonstrate, through admissible evidence, the extent of his damages stemming from his default judgment against defendant Guerrero, the court hereby refers this case to the Pro Bono Program adopted in General Order 2017-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Clark. The scope of the appointment will be for the sole purpose of representing Clark at an evidentiary hearing to determine a proper award of damages in this case.

By referring this case to the Pro Bono Program, the court is not expressing any opinion regarding the merits of the issues to be determined at the evidentiary hearing.

Accordingly,

IT IS HEREBY ORDERED that this case is referred to the Pro Bono Program for appointment for the purpose of representing Clark at an evidentiary hearing to determine a proper award of damages in this case. The Clerk of Court is directed to forward this order to the Pro Bono Liaison.

DATED THIS 9th day of July 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE