UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael E. Clark, | Case No.: 2:09-cv-00141-JAD-BNW |
| Plaintiff | |
| v. | **Order Setting Evidentiary Hearing** |
| Adrian Guerrero, | |
| Defendant | |

More than a decade ago, pro se plaintiff Michael Clark brought two lawsuits against prison officials who he claimed either assaulted or retaliated against him.[1] Those cases were eventually consolidated[2] before District Court Judge James C. Mahan and screened under 28 U.S.C. § 1915,[3] resulting in an Eighth Amendment excessive-force claim against defendant Adrian Guerrero for pushing Clark and forcing him to stay in administrative segregation.[4] After entering a default judgment against Guerrero, Judge Mahan determined that Clark's compensatory- and punitive-damages demand was excessive and unsupported, and awarded him a dollar in nominal damages.[5] The Ninth Circuit vacated that decision and remanded it for further consideration, directing Judge Mahan to hold an evidentiary hearing to assess the extent of Clark's damages.[6]

---

[1] ECF No. 1.
[2] ECF No. 80.
[3] ECF No. 102.
[4] *Id.* at 5.
[5] ECF No. 155 at 1–2.
[6] ECF No. 160 at 2.

Upon remand, Judge Mahan referred the case to the pro bono program[7] and found Clark a lawyer, who submitted various to support Clark's damages request.[8] But shortly before the evidentiary hearing on Clark's damages, his pro bono counsel withdrew[9] and, at the hearing itself, Judge Mahan recused himself from the matter and it was reassigned to the undersigned judge. After reviewing Clark's amended complaint, the documents that Clark and his pro bono counsel submitted, and other documents in the record, I am not convinced that the amount of damages Clark seeks are justified. So I order Clark to prove those damages at an evidentiary hearing; outline below what he will need to prove to receive the relief that he seeks; and caution Clark that this hearing is not an opportunity to relitigate previously dismissed claims against the Warden, NDOC, or any other potential defendant. It is solely to determine the damages, if any, that Guerrero owes.

## Discussion

Receiving an entry of default or a default judgment does not automatically entitle litigants to the damages they seek. Instead, courts may require a party to provide additional proof of facts or damages to ensure that the requested relief is appropriate.[10] While the court must take the complaint's well-pled factual allegations as true, default alone does not establish "necessary facts not contained in the pleadings," the extent of a plaintiff's damages, or claims that are insufficiently pled.[11] In his complaint, Clark seeks $1 million in compensatory damages

---

[7] ECF No. 172.
[8] ECF No. 176.
[9] ECF No. 203.
[10] Fed. R. Civ. P. 55(b)(2).
[11] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

and $3 million in punitive damages against Guerrero. So any award for Clark is capped at $4 million in total damages and must be supported by evidentiary proof.[12]

## I.     Compensatory damages

To be awarded compensatory damages, Clark must prove that any injuries he sustained were caused by Guerrero's excessive force. "'[T]he basic purpose' of § 1983 damages is 'to compensate persons for injuries that are caused by the deprivation of constitutional rights.'"[13] To recover under § 1983, a plaintiff must demonstrate an "actual injury" that is "caused by the denial of his constitutional rights."[14] Clark argues that the altercation resulted in knee, back, and head injuries.[15] While Clark provides documentation of various treatments he's received over the last couple of years, those documents fail to tie the underlying injuries to Guerrero's conduct. So at the hearing, Clark must be prepared to offer additional evidence or testimony that those injuries happened *because Guerrero tackled him*. He must also be able to explain why he is entitled to millions of dollars for those injuries and his emotional distress. Just as a benchmark, a typical damages award is about three times the value of a person's medical bills. And, as United States Supreme Court Justice Sotomayor pointed out in *Murphy v. Smith*, the "median judgment" in a successful prisoner-civil-rights case in 2012 was $4,185, up from $1,000 in 1993.[16] So modest judgments are "the norm" in cases like this.[17]

---

[12] Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

[13] *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (citation omitted).

[14] *Id.* (citation omitted).

[15] ECF No. 149 at 2.

[16] *Murphy v. Smith*, 138 S. Ct. 784, 793 (2018) (Sotomayor, J., dissenting).

[17] *Id.*

## II.     Punitive damages on default judgment

Clark's punitive-damages request presents a steep hill to climb.  To receive punitive damages on default judgment, Clark must provide evidence that Guerrero's actions were "driven by evil motive or intent" or that his conduct "involved a reckless or callous indifference" to Clark's "constitutional rights."[18]  **On default judgment, conduct that may give rise to punitive damages is not presumed**; Clark must offer independent evidence to corroborate those facts.[19]  So if Clark intends to ask for an award of punitive damages, he must also offer evidence of Guerrero's malice, recklessness, and indifference at the hearing.

## Conclusion

IT IS THEREFORE ORDERED that an **evidentiary hearing** to determine the amount of damages, if any, that Clark is entitled to on default judgment, **is set for May 25, 2021, at 10:00 am.  That hearing will take place in Courtroom 6D of the Lloyd D. George Courthouse.**  The parties and participants will be required to wear a mask and follow all COVID-related protocols under this court's Amended Temporary General Order 2020-08.

_____
U.S. District Judge Jennifer A. Dorsey
April 6, 2021

---

[18] *Morgan v. Woessner*, 997 F.2d 1244, 1254 (9th Cir. 1993) (citation omitted).

[19] *Matter of Gober*, 100 F.3d 1195, 1205 (5th Cir. 1996).