# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Michael E. Clark, | Case No.: 2:09-cv-00141-JAD-BNW |
| Plaintiff | |
| v. | **Final Judgment** |
| Adrian Guerrero, | |
| Defendant | |

Pro se plaintiff Michael Clark sues former corrections officer Adrian Guerrero under 42 U.S.C. § 1983, claiming that Guerrero tackled and beat him while he was handcuffed and sick. This case—which has spanned a dozen years, three Nevada Attorney Generals, multiple district court judges, and a trip to the Ninth Circuit—lands at this court to decide a single issue: how much is Clark owed on default judgment for Guerrero's actions? After reviewing all the evidence that Clark has submitted in this case, his testimony taken during the formal default-judgment hearing on June 4, 2021, and the array of damage amounts awarded in similar cases, I find that Clark is entitled to $10,000 in compensatory damages for the attack, enter judgment, and close this case.

## Background

It's no surprise that this case has a weathered history. In 2008, while waiting in line to be seen by a medical professional at Southern Desert Correctional Center, Clark began to lose his balance.[1] After Guerrero unsuccessfully asked then-inmate Clark to stand up, he tackled Clark—who was shackled—and began to beat him.[2] Clark was then required to stay in administrative

---
[1] ECF No. 88 at 4.
[2] *Id.*

segregation for the incident for several months.[3] He sued Guerrero in the state court and Guerrero removed the case to this court in early 2009.[4]

A year passed before Clark filed a different lawsuit against the prison's warden for a variety of related claims.[5] Those cases were consolidated in front of District Court Judge James C. Mahan and screened under 28 U.S.C. § 1915.[6] Only Clark's excessive-force claim under the Eighth Amendment survived screening and, when given the opportunity to remedy the defects in his claims against the warden, Clark chose to proceed on his claim against Guerrero only.[7]

While the case continued to trundle along, in 2013, Guerrero's counsel moved to withdraw[8] and Judge Mahan ordered Guerrero to notify the court whether he'd proceed with new counsel or in a pro se capacity.[9] When Guerrero ignored that order and stopped participating in this case, Judge Mahan entered default against him[10] and eventually granted Clark's motion for default judgment.[11] But finding no support for Clark's several-million-dollar demand,[12] Judge Mahan awarded Clark just a dollar in nominal damages.[13]

---

[3] *Id.*

[4] ECF No. 1 (petition for removal).

[5] *See Clark v. Williams*, 2:10-cv-00736-JCM-PAL, ECF No. 1-1 (D. Nev. May 19, 2010) (petition for removal).

[6] ECF No. 102.

[7] *Id.*; ECF No. 122 (order adopting report and recommendation).

[8] ECF No. 137.

[9] ECF No. 138.

[10] ECF Nos. 147, 148 (clerk's entry of default).

[11] ECF No. 150 (order granting motion for default judgment).

[12] *See* ECF No. 151 (proposed judgment).

[13] ECF No. 155.

The Ninth Circuit vacated that award and sent this case back for the district court to conduct an evidentiary hearing on Clark's damages.[14] On remand, Judge Mahan located pro bono counsel for Clark, who submitted various documents on his behalf but withdrew shortly before the renewed default-judgment hearing. And at that hearing, Judge Mahan recused himself from the matter, which was then reassigned to the undersigned judge.

So I scheduled an evidentiary hearing for Clark to prove up his damages with any and all additional evidence or testimony that he had to offer.[15] At that hearing, which occurred on June 4, 2021, Clark did not provide any new documents for the court's review and offered only his testimony. Clark testified that he is unable to provide any guess of the costs of treatment he's received for his knee, head, and back injuries, but he estimates that he's gone to physical therapy over 40 times, takes oxycodone four times a day for the pain, and hasn't been able to work since his release from prison. He also testified that he was traumatized from being needlessly beaten while in restraints. According to Clark, he thinks about the event "all the time."

## Discussion

Receiving an entry of default or a default judgment does not automatically entitle litigants to the damages they seek. Instead, courts may require a party to provide additional proof of facts or damages to ensure that the requested relief is appropriate.[16] While the court must take the complaint's well-pled factual allegations as true, default alone does not establish "necessary facts not contained in the pleadings," the extent of a plaintiff's damages, or claims that are insufficiently pled.[17] Clark seeks $1 million in compensatory damages and $3 million in

---

[14] ECF No. 160 at 2.

[15] ECF No. 211; *see Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

[16] Fed. R. Civ. P. 55(b)(2).

[17] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

3

punitive damages against Guerrero. Clark has not met his burden to establish that he's entitled to $4 million in damages, but I do find that he is entitled to $5,000 for his knee, back, and head injuries and $5,000 for his mental anguish and suffering from the attack.

I. **Clark is entitled to $10,000 in compensatory damages.**

"'[T]he basic purpose' of § 1983 damages is 'to compensate persons for injuries that are caused by the deprivation of constitutional rights.'"[18] To recover under § 1983, a plaintiff must demonstrate an "actual injury" that is "caused by the denial of his constitutional rights."[19] A plaintiff may also recover under § 1983 for "impairment of reputation, personal humiliation, and mental anguish and suffering."[20] "[C]ompensatory damages may be awarded for humiliation and emotional distress established by testimony or inferred from the circumstances, whether or not plaintiffs submit evidence of economic loss or mental or physical symptoms."[21] Though I find that Clark's wage-loss damages are unsupported by anything in the record, I find that his testimony supports his demand for compensatory damages.

    A. **Clark is not entitled to any wage-loss damages.**

Clark argues that he is entitled to damages because his injuries have left him unable to work. He notes that before he entered prison, he did "all kind of jobs," including construction. But Clark's testimony offers little to support his wage-loss demand because even if the attack left him unable to work, he offers no additional evidence to quantify what he was making before

---

[18] *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (citation omitted).

[19] *Id.* (citation omitted).

[20] *Id.* (citation omitted).

[21] *Tortu v. Las Vegas Metro. Police Dep't*, 566 F.3d 1075, 1086 (9th Cir. 2009) (quoting *Johnson v. Hale*, 13 F.3d 1351, 1352 (9th Cir. 1994)).

4

prison and the attack and nothing about his earning potential without his injuries. So Clark has not shown that he is entitled to an award of wage-loss damages on default.

### B. Clark is entitled to compensatory damages for his injuries and his pain and suffering.

Clark claims that, because of the attack, he suffers from various joint pains that prevent him from standing or sitting in one position for too long, as well as a "hole in his head" that he had surgery on in early 2014. He offers his testimony about the swelling in his knee and his head injury, and five documents that he claims support his million-dollar demand. And he testified that he has recurring mental-anguish symptoms from the attack. Clark's documents all indicate that Clark has suffered physical and mental injuries that appear consistent with the injuries that he claims he suffered because of the attack. So I find that Clark has demonstrated that Guerrero's conduct caused him to suffer compensable physical injuries.

But neither Clark's testimony nor the documents that he offers permit me to infer anything more than generally that he's suffered injuries from the incident. Notably absent from any of Clark's supporting documents are the costs associated with treatment, whether Clark will need continued treatment for his injuries, or any metric that would justify an award of $1 million to make Clark whole. And though Clark's testimony confirms that he has been seen by various providers for his injuries, it's impossible to justify a million-dollar damages award on these documents alone.[22] When asked at the hearing whether he had any evidence that may explain

---

[22] ECF No. 176-2 at 2 (three-sentence letter stating that Clark has received treatment for PTSD and depression for at least two years); ECF No. 176-3 at 2 (letter from Dr. David E. Linden listing Clark's chronic conditions; verifying that he is unable to work; and that he suffers from PTSD, depression, anxiety, lumbar-facet arthropathy, and osteoarthritis in his knee); ECF No. 176-4 at 2 (Social Security Administration confirmation letter that Clark began receiving Social Security Income payments in June 2015); ECF No. 176-5 at 2 (surgical notes from Dr. Golam Choudhry about removing a cyst in Clark's scalp); ECF No. 176-6 at 2 (fill-in-the-blank form

5

the costs associated with his treatment, Clark claimed that he had nothing new to provide. Instead, he testified that, at some point before this case reached the Ninth Circuit, he had given the court a towering stack of documents "as evidence, exhibits to the case."

      Although courts are not required to dig through records to find evidence for litigants, to make sure that Clark's damages demand is fully supported and considering the Ninth Circuit's direction in its prior order,[23] I performed a rigorous review of every document that Clark submitted in this case in search of that stack of documents. Of the numerous filings that Clark entered in this case, half contain no attachments,[24] four attach other filings from the case,[25] two are copies of a proposed amended complaint,[26] one is a copy of Clark's rent payment,[27] one contains just administrative regulations and some grievance reports,[28] and one is a copy of the Nevada Governor's 2020 stay-at-home order.[29] Nine of the remaining filings attach various affidavits whose subject matter ranges from individuals witnessing the attack, an inability to access records, discovery disputes, and Clark's own account of the attack and his ailments.[30] What's left are the five documents that I began with and the affidavit Clark submitted in support

---

from Dynamic Spine and Sport stating that he was evaluated and treated for lumbar-facet arthropathy).

[23] ECF No. 160 at 2.

[24] *See, e.g.*, ECF Nos. 1-1, 7, 21, 22, 23, 30, 31, 37, 46, 50, 51, 52, 53, 56, 57, 72, 77, 82, 83, 89, 91, 92, 93, 95, 100, 115, 117, 121, 139, 140, 142, 154, 157, 166, 180, 194, 198, 200, 203.

[25] ECF Nos. 13, 65, 97, 119.

[26] ECF Nos. 85, 86.

[27] ECF No. 135.

[28] ECF No. 88.

[29] ECF No. 189.

[30] ECF Nos. 12, 24, 38, 59, 60, 61, 68, 69, 125.

6

of his damages request in front of Judge Mahan.[31] But that affidavit just reiterates the story Clark has told since 2008 and does not help quantify the costs associated with the treatment Clark has undergone from the incident.[32] In summary, that stack of documents simply doesn't exist.

So while I can determine that Clark is entitled to some compensation for the injuries that Guerrero has caused, I turn to similar excessive-force cases to determine the amount he's owed. Damages in excessive-force cases are anything but uniform. Some cases result in $100,000 in compensatory damages[33] and others in just $500.[34] In *Williams v. Shultiz*, for example, a court awarded a plaintiff $10,000 in compensatory damages for a similar situation.[35] There, a prisoner was left with various cuts and bruising to his body, arthritis, and severe psychological distress after a guard beat him with a baton while he was restrained.[36] Another judge in *Monclova-Chavez v. McEachern* reasoned that a prisoner should receive $2,000 for his permanent physical injuries and scarring, and $5,000 for his anxiety, after he was beaten while in full restraints and left bleeding from the attack.[37] In both cases, the courts recognized the ongoing psychological

---

[31] ECF Nos. 149, 151, 176.

[32] *See* ECF No. 151 at 7 ("$1,000,000 for compensatory damages and $12,000,000 for punitive damages is fair, as for medical, the plaintiff cannot set a dollar amount past and future.").

[33] *See Ziemba v. Armstrong*, 433 F. Supp. 2d 248, 252–54 (D. Conn. 2006) (upholding a jury award of $100,000 in compensatory damages for an officer punching, kneeing, and ultimately knocking out a prisoner and resulted in "excruciating pain").

[34] *See Monclova-Chavez v. McEachern*, No. 1:08-cv-76, 2015 WL 75084, at *6 (E.D. Cal. Jan. 6, 2015) (citing cases).

[35] *Williams v. Shultiz*, No. 5:14-CT-3091, 2019 WL 6974337, at *4 (E.D.N.C. Dec. 18, 2019).

[36] *Id.* at *2.

[37] *Monclova-Chavez*, 2015 WL 75084, at *7.

7

impact of being beaten while restrained and the permanent but limited physical injuries that the plaintiffs sustained.[38]

Like the *Williams* and *Monclova-Chavez* plaintiffs, Clark testified that while he was restrained, this guard punched him several times. He claims that the attack resulted in knee pain and swelling that continues to this day, back pain that leaves him unable to sit or stand in one position for too long, and a "hole in his head" that he had treated years ago. But though he claims that he occasionally still suffers from pain, his last time seeing a physical therapist to treat his pain was over a year ago. Clark's testimony indicates that at least some of his injuries are semi-permanent. Thus, based on the similar cases available and the record that Clark has offered, I find that Clark is entitled to $5,000 for his physical pain caused by the altercation and $5,000 for his mental anguish from the beating.[39]

## II. Clark is not entitled to punitive damages.

Punitive damages in a § 1983 action may be awarded where the evidence demonstrates that the defendant's actions were "driven by evil motive or intent" or that his conduct "involved a reckless or callous indifference" to the prisoner's "constitutional rights."[40] But punitive damages "are never awarded as of right, no matter how egregious the defendant's conduct."[41] Instead, "[t]he focus is on the character of the tortfeasor's conduct—whether it is of the sort that

---

[38] *Id.*; *Shultiz*, 2019 WL 6974337, at *4.

[39] Though Clark also bases his pain-and-suffering-damages demand on his time in administrative segregation, I find that Clark cannot recover damages against Guerrero for the months that Clark spent there because the only claim at issue in this case against Guerrero is one for excessive force. Any conduct related to his punishment was entangled in his claims against Williams, which were dismissed. *See* ECF No. 102.

[40] *Morgan v. Woessner*, 997 F.2d 1244, 1254 (9th Cir. 1993) (citation omitted).

[41] *Smith v. Wade*, 461 U.S. 30, 52 (1983).

8

calls for deterrence and punishment over and above that provided by compensatory awards."[42] Though Clark may have demonstrated through his testimony that Guerrero's conduct was errant, he has not shown that punitive damages are necessary to punish and deter other officers in their interactions with prisoners. So I do not award Clark punitive damages on default.

**Conclusion**

IT IS THEREFORE ORDERED that the **Clerk of Court is directed to ENTER JUDGMENT in favor of Michael Clark and against Adrian Guerrero in the total amount of $10,000.00 and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
June 23, 2021

---

[42] *Id.* at 54.